[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12204

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EARNEST WARE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:14-cr-00038-LAG-TQL-1

_____

Before ROSENBAUM, JILL PRYOR, and ED CARNES, Circuit Judges.

PER CURIAM:

Earnest Ware, proceeding *pro se*, appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and for compassionate release under § 3582(c)(1)(A). The district court construed the motion as one for compassionate release under § 3582(c)(1)(A) and denied it, concluding that Ware had failed to show any extraordinary and compelling reason that would justify release. Ware contends that the court erred by failing to consider his arguments under § 3582(c)(2) challenging his status as a career offender.

I.

In 2015 Ware pleaded guilty to one count of possessing with the intent to distribute more than 5 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). Ware's presentence investigation report (PSR) calculated his base offense level at 34 based on the drug quantity table in U.S.S.G. § 2D1.1(c)(3) (2014), with no adjustments. Because of his two previous Georgia felony convictions for robbery by force and possession with intent to distribute MDMA, the PSR classified Ware as a career offender under U.S.S.G. § 4B1.1(a). The applicable career offender offense level under U.S.S.G. § 4B1.1(b)(2) was 34,[1] but because that offense level

_____

[1] Offense level 34 applies to career offenders whose current crime carries a statutory maximum of 25 years imprisonment or more. U.S.S.G.

was not greater than Ware's offense level before applying the career offender enhancement, the career offender enhancement did not change Ware's offense level. *See* U.S.S.G. § 4B1.1(b) ("Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."). His offense level remained 34.

The PSR subtracted three levels for Ware's acceptance of responsibility and timely entry of his guilty plea, netting a total offense level of 31. Ware's prior convictions would have put him in criminal history category IV, but his career offender status increased his criminal history category to VI. *See id.* ("A career offender's criminal history category in every case under this subsection shall be Category VI.") Based on his total offense level and criminal history category, Ware's advisory guidelines range was 188 to 235 months. *See id.* § 5A.

Ware objected to his career offender status, arguing that his robbery by force conviction should not be considered a qualifying crime of violence. At sentencing the district court overruled Ware's objection and sentenced him to 188 months in prison followed by four years of supervised release.[2]

---

§ 4B1.1(b)(2). The statutory maximum sentence for Ware's current federal offense was 40 years. *See* 21 U.S.C. § 841(b)(1)(B).

[2] If Ware had not been classified as a career offender, his advisory guidelines range would have been 151 to 188 months. *See* U.S.S.G. § 5A. During the sentence hearing the court explained that based on the § 3553(a) factors it

In 2019 Ware filed a *pro se* motion for a sentence reduction under the First Step Act of 2018[3] and under any other "existing, proposed, and pending legislation and law" that might apply. He asked the district court to exercise its discretion to reduce his sentence in light of his rehabilitation efforts. The court appointed counsel for Ware for purposes of its consideration of the motion. The court construed the motion as seeking relief under 18 U.S.C. § 3582(c)(1)(B), which authorizes sentence reductions when expressly permitted by statute, and concluded that Ware was not eligible for a sentence reduction under § 404 of the First Step Act because he had not been convicted of a "covered offense" as defined by that section of the Act. The court noted Ware's appointed counsel agreed that he was not eligible for a sentence reduction based on the First Step Act.

In 2022 Ware filed a *pro se* motion titled "3582(c)(2) Motion for Sentence Reduction Based on the First Step Act of 2018," challenging his status as a career offender based on changes in the law. Ware first contended that he no longer has a qualifying crime of violence under the career offender guidelines because he was not

---

would have sentenced Ware to 188 months even if he were not a career offender. The court pointed to Ware's history and characteristics, the nature and circumstances of his offense, and the need to promote respect for the law as factors that supported the 188-month sentence. Considering Ware's criminal history, the court observed that he had been given a "second chance" when he was released on probation, but he kept on violating the law.

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) ("First Step Act").

convicted of a crime requiring violent force. He relied on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which, according to Ware, held that "the definition of a violent felony was unconstitutionally vague and that violent force had to occur during the crime."

Ware also contended that § 401 of the First Step Act entitled him to a reduced sentence. His position was that under the First Step Act his robbery conviction should not have been used to enhance his sentence because he did not spend more than a year and a day in prison for that conviction. Finally, Ware asserted that his previous arrests should not have counted against him because they occurred more than fifteen years ago.

In addition to his various § 3582(c)(2) arguments, Ware also sought compassionate release under § 3582(c)(1)(A) on the grounds that "his sentence is an extraordinary and compelling reason[] for a compassionate release during this [COVID-19] pandemic."

The district court construed Ware's motion as one for compassionate release under § 3582(c)(1)(A) and denied relief. It concluded that Ware had not shown any extraordinary and compelling reason warranting a sentence reduction. It also found that the 18 U.S.C. § 3553(a) sentencing factors weighed heavily against release.

This is Ware's appeal. He contends that the district court failed to consider his arguments under § 3582(c)(2) that he is no longer a career offender because he has no qualifying crimes of violence in his criminal history.

## II.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021); *see United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021); *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). We review only for an abuse of discretion the district court's denial of an eligible defendant's motion for a sentence reduction under § 3582(c)(1)(A), (c)(2), or the First Step Act. *See Bryant*, 996 F.3d at 1251; *Giron*, F.4th at 1345; *Webb*, 565 F.3d at 792; *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).

## III.

"A district court has no inherent authority to modify a defendant's sentence and may do so only when authorized by a statute or rule." *Giron*, 15 F.4th at 1345 (quotation marks omitted). Section 3582(c) allows a district court to reduce a defendant's sentence in limited circumstances, three of which are relevant here. *See* 18 U.S.C. § 3582(c). First, under § 3582(c)(1)(A)(i) a court may grant compassionate release if: (1) there are extraordinary and compelling reasons for doing so; (2) a sentence reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release. *See Giron*, 15 F.4th at 1347; *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). Second, under § 3582(c)(1)(B) a court may reduce a term of imprisonment if a statute expressly permits it. Third, under § 3582(c)(2) a court may reduce a term of imprisonment if the defendant has

been sentenced based on a sentencing range that has since been lowered by the Sentencing Commission. Ware has not shown that he is entitled to a sentence reduction under any of those provisions.

Ware does not appear to challenge the district court's denial of his request for compassionate release under § 3582(c)(1)(A), but in any event, the district court did not abuse its discretion in denying that relief. A district court may not reduce a sentence under § 3582(c)(1)(A) unless there is an extraordinary and compelling reason for doing so. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *Giron*, 15 F.4th at 1346. The Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 identifies four categories of extraordinary and compelling reasons: a defendant's medical condition, his age, his family circumstances, or other reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1. That policy statement governs all motions under § 3582(c)(1)(A), and the only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are those in the four categories listed in § 1B1.13. *See Giron*, 15 F.4th at 1346.

In support of his § 3582(c)(1)(A) motion, Ware claimed that his sentence is an extraordinary and compelling reason for compassionate release in light of the COVID-19 pandemic. Because Ware's reason is not one that § 1B1.13 identifies as extraordinary and compelling, the district court properly denied the motion.

The court also properly declined to consider Ware's § 3582(c)(2) arguments because Ware is not eligible for relief under

that provision.[4]  A defendant is eligible for a sentence reduction under § 3582(c)(2) only when an amendment listed in U.S.S.G. § 1B1.10(d) has retroactively lowered his applicable guidelines range.  U.S.S.G. § 1B1.10, cmt. n.1(A); *see also United States v. Caraballo-Martinez*, 866 F.3d 1233, 1239–40 (11th Cir. 2017).  Ware has not pointed to any guidelines amendment listed in § 1B1.10(d) that has lowered his applicable guidelines range.  Without a qualifying amendment, the district court lacked the authority to reduce his sentence under § 3582(c)(2).  *See* U.S.S.G. § 1B1.10(a)(2).

To the extent Ware is attempting to use § 3582(c)(2) to relitigate his career offender status, we have held that "§ 3582(c)(2) does not authorize a sentencing or resentencing proceeding."  *Caraballo-Martinez*, 866 F.3d at 1239 (quoting *Dillon v. United States*, 560 U.S. 817, 825 (2010)); *see also* U.S.S.G. § 1B1.10(a)(3).  "*[A]ll* original sentencing determinations remain unchanged with the sole exception of the guideline range" (and only if it has been lowered by a retroactively applicable amendment).  *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000); *see also* U.S.S.G. § 1B1.10(b)(1); *Dillon*, 560 U.S. at 826 ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.").

---

[4] Even though the district court's order did not address Ware's § 3582(c)(2) arguments, we may affirm on any basis supported by the record.  *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).  His ineligibility for relief under that provision is a basis for affirmance supported by the record.

In Ware's case, his criminal history score and career offender status are "sentencing determinations" unaffected by a qualifying guidelines amendment, so they must "remain unchanged." *See Bravo*, 203 F.3d at 781; *see also Dillon*, 560 U.S. at 831 (holding that the district court properly declined to address the defendant's sentence challenges where the aspects of his sentence the defendant sought to correct were not affected by a guidelines amendment listed in § 1B1.10(d) and were "outside the scope of the proceeding authorized by § 3582(c)(2)").[5]

Construing Ware's *pro se* pleading liberally, as we should, *see Webb*, 565 F.3d at 792, his motion could be understood as having sought relief under § 3582(c)(1)(B), the provision authorizing a sentence reduction when expressly permitted by a statute like the First Step Act. *See, e.g., Jones*, 962 F.3d at 1297. But § 3582(c)(1)(B) does not help Ware either.

Section 404 of the First Step Act expressly permits a district court to reduce a sentence for certain "covered offense[s]." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). But here, the district court lacked jurisdiction to consider any argument based on § 404 of the First Step Act. That's because

---

[5] Ware relies on *Johnson v. United States*, where the Supreme Court held that the residual clause of the Armed Career Criminal Act's definition of "violent felony" was unconstitutionally vague. 576 U.S. at 597–606. But a Supreme Court decision is not a guidelines amendment by the Sentencing Commission that can justify relief under 18 U.S.C. § 3582(c)(2). *See, e.g., United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008).

the Act bars courts from considering a second request for relief under § 404 if a previous motion brought under that section was denied on the merits. *Id.* § 404(c). Because the district court had denied Ware's earlier motion to reduce his sentence under the First Step Act on the grounds that he is not eligible for relief under § 404 of the Act, a second request for § 404 relief was due to be denied.

Ware also believes that § 401 of the First Step Act applies to him. That section reduced mandatory minimums for repeat offenders of certain drug-related crimes and changed the types of predicate felonies that may be used to enhance those sentences. *See id.* § 401(a)–(b). Ware is wrong about § 401's applicability for several reasons, not the least of which is that § 401 and its amendments do not apply to sentences like Ware's that were imposed before the First Step Act was enacted in 2018. *Id.* § 401(c).

Ware has not shown that he is entitled to relief under any provision in § 3582(c).

**AFFIRMED.**